a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOSEPH ESAPIH NJI NJU #A213-327-866,<br>Plaintiff | CIVIL DOCKET NO. 1:20-CV-01695<br>SEC P |
| VERSUS | JUDGE JOSEPH |
| CHAD WOLF,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion for Temporary Restraining Order ("TRO") (ECF No. 4) filed by *pro se* Petitioner Joseph Esapih Nji Nju (A#213327866) ("Nji Nju"). Nji Nju also filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) seeking release based on prolonged detention. ECF No. 1.  In his Motion for TRO, Nji Nju primarily seeks release based on the coronavirus pandemic.

Because Nji Nju does not allege any immediate and irreparable injury, loss, or damage through specific facts in an affidavit or verified complaint, the Motion for TRO (ECF No. 4) should be DENIED.

I.    Background

Nji Nju is a detainee in the custody of U.S. Immigration and Customs Enforcement ("ICE").  According to the ICE inmate locator service, Nji Nju is a native and citizen of Cameroon.  Nji Nju alleges that he was ordered removed from the United States on January 7, 2020.  ECF No. 4 at 14.

1

Nji Nju is being detained at River Correctional Center ("RCC") in Ferriday, Louisiana.   He claims that ICE has failed to properly respond to the coronavirus pandemic and other diseases.  ECF No. 4 at 23.  For example, Nji Nju alleges that social distancing is impossible at RCC.  Citing an April 8, 2020 news article from www.nola.com, Nji Nju claims dining areas are not disinfected after each use, and detainees do not have hand sanitizer.  ECF No. 4 at 28.  He also complains that masks were not provided until April 2020.  ECF No. 4 at 29.   Citing another article from August 2020, Nji Nju alleges that quarantine and isolation rules are not strictly enforced.  ECF No. 4 at 31-32.  The article cited actually discusses Pine Prairie Correctional Center, not RCC.[1]

Nji Nju complains that ICE's testing regime is insufficient.  ECF No. 4 at 2. However, Nji Nju also alleges he tested positive for COVID-19 on an unspecified date. ECF No. 4 at 41.

II.   Law and Analysis

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>      (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>      (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

---

[1] https://www.wwno.org/post/they-dont-care-about-anything-inside-covid-19-outbreak-one-louisiana-ice-facility.

Fed. R. Civ. P. 65.  And to receive injunctive relief in general, a petitioner must show

"(1) there is a substantial likelihood that the movant will prevail on the merits; (2)

there is a substantial threat that irreparable harm will result if the injunction is not

granted; (3) the threatened injury outweighs the threatened harm to the defendant;

and (4) the granting of the preliminary injunction will not disserve the public

interest." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) (citing *Canal Auth. v.*

*Callaway*, 489 F.2d 567, 572–73 (5th Cir. 1974)); *see Parker v. Ryan*, 960 F.2d 543,

545 (5th Cir. 1992) ("[T]he requirements of [R]ule 65 apply to all injunctions.").

First, Nji Nju has failed to comply with the basic requirements of Rule 65.  Nji

Nju has not submitted an affidavit or a verified complaint.

Next, Nji Nju does not establish that a substantial threat that irreparable

harm will result if the injunction is not granted.  Nji Nju is a 25-year-old who has

reportedly survived COVID-19 already.  Nji Nju claims that because he had COVID-

19, he is at "high risk of severe illness or death if he contracts the new found strain

of COVID-19."  ECF No. 4 at 12.  However, Nji Nju provides no authority or support

for this claim.

In fact, Nji Nju does not claim to have any of the conditions recognized by the

Center for Disease Control ("CDC") that would put him at an increased risk of severe

illness from the coronavirus, should he contract the illness again.  Those include:

cancer; chronic kidney disease; COPD (chronic obstructive pulmonary disease); Down

Syndrome; heart conditions such as heart failure, coronary artery disease, or

cardiomyopathies; immunocompromised state (weakened immune system) from solid

organ transplant; obesity (body mass index [BMI] of 30 kg/m2 or higher but < 40 kg/m2); severe obesity (BMI ≥ 40 kg/m2); pregnancy; sickle cell disease; smoking; and type 2 diabetes mellitus.[2]

Nor does Nji Nju allege that he suffers from any conditions recognized by the CDC as possibly increasing his risk of severe illness.  Those include: asthma (moderate-to-severe); cerebrovascular disease (affects blood vessels and blood supply to the brain); cystic fibrosis; hypertension or high blood pressure; immunocompromised state (weakened immune system) from blood or bone marrow transplant, immune deficiencies, HIV, use of corticosteroids, or use of other immune weakening medicines; neurologic conditions, such as dementia; liver disease; overweight (BMI > 25 kg/m2, but < 30 kg/m2); pulmonary fibrosis (having damaged or scarred lung tissues); thalassemia (a type of blood disorder); and type 1 diabetes mellitus.[3]  Although he claims he experienced complications from COVID-19, Nji Nju does not claim that he required hospitalization or specialized treatment while infected with COVID-19.  Nji Nju's allegation that he would be at a high risk of severe illness or death if he contracts the new found strain of COVID-19 is conclusory and cannot support a habeas claim.  *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (noting that "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding").

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[3] *Id.*

Nji Nju alleges that he has "post Covid-19 infection complications," but he does not describe any specific complications.  He also omitted what, if any, treatment has been required or requested for the reported complications.  ECF No. 4 at 41.   Nor does Nji Nju provide any evidence to support a claim that his alleged "complications" put him at a greater risk of severe illness or death from any strain of COVID-19.

III.   Conclusion

Because Nji Nju does not show a substantial threat that irreparable harm will result without a TRO through specific facts provided in an affidavit or verified complaint, IT IS RECOMMENDED that the Motion for TRO  (ECF No. 4) be DENIED.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, January 25, 2021.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE