a

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| JOSEPH ESAPIH NJI NJU #A213-327-866,<br>Plaintiff | CIVIL DOCKET NO. 1:20-CV-01695<br>SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| CHAD WOLF,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by *pro se* Petitioner Joseph Esapih Nji Nju ("Nji Nju"). Nji Nju is a detainee in the custody of U.S. Immigration and Customs Enforcement ("ICE") detained at River Correctional Center ("RCC") in Ferriday, Louisiana. He seeks his release from custody.

Nji Nju does not allege any reason why his removal is unlikely to occur in the reasonably foreseeable future. And he has failed to comply with the Court's Order to Amend (ECF No. 9) his Petition (ECF No. 1) to do so. Therefore, the Petition should be DISMISSED WITHOUT PREJUDICE.

I.     **Background**

According to the ICE inmate locator service, Nji Nju is a native and citizen of Cameroon. Nji Nju alleges that he was ordered removed from the United States on January 7, 2020. ECF No. 4 at 14. He alleges that his detention is unconstitutional

as it amounts to cruel and unusual punishment under the Eighth Amendment to the United States Constitution and violates *Zadvydas v. Davis*, 533 U.S. 678 (2001). ECF Nos 1, 4.

## II. Law and Analysis

Under *Zadvydas v. Davis*, 533 U.S. 678 (2001), it is presumptively constitutional for an immigration detainee to be detained six months past the 90-day removal period following a final order of removal. *Id.* at 701. After the six-months, a detainee may seek release by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Agyei–Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011). The detainee bears the initial burden of proof to show that no such likelihood of removal exists. *Id. Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006).

Nji Nju did not allege any reason why his removal is unlikely to occur in the reasonably foreseeable future. Therefore, he was ordered to amend his Petition by March 12, 2021 to provide allegations to support his claim. ECF No. 9. Nji Nju has failed to comply with that Order.

A district court may dismiss an action for the plaintiff's failure to prosecute or to comply with any order. Fed. R. Civ. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

### III. Conclusion

Because Nji Nju does not allege any reason why his removal is unlikely to occur in the reasonably foreseeable future and has failed to comply with the Court's Order (ECF No. 9) to Amend, IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, March 18, 2021.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE